INSURANCE COMPANY OF NORTH AMERICA v. Mc-
LIMANS & COYLE.

[FILED FEBRUARY 4, 1890.]

1. **Insurance:** LEX LOCI: ACTION: WHERE BROUGHT. A contract of fire insurance made in Iowa, the statutes of which state provide in which counties an action may be brought on the policy, does not limit the right to bring an action for loss of the property to that state. The action is transitory in its nature and may be brought wherever service may be had on the company.

2. ———: ———: ———. Section 55 of the Code, which authorizes the bringing of an action against an insurance company in any county where the cause of action or some part thereof arose, is remedial, and not restrictive in its nature; that is, the action may be brought where the cause of action or some part thereof arose, although the company has no agent in that county.

3. ———: AGENT: SERVICE ON. Service of notice and proof of loss on a general agent of the insurance company is service on the company.

4. ———. Held, That the proof sustains the verdict and that there was no error in the record.

ERROR to the district court for Madison county. Tried below before NORRIS, J.

R. W. Barger, and Allen & Robinson, for plaintiff in error:

The policy was an Iowa contract, and the laws of that state are as much a part of the policy as though printed on its face. The Nebraska statutes do not give the district court of Madison county jurisdiction, as the summons was served only on the local special agent of the company. (*State Ins. Co. v. Granger*, 62 Ia., 272.) Since the service was had upon one not shown to have been a "managing agent" as required by sec. 914 of the Code, the burden was on defendant in error to prove the character of the agency. (*Dickinson County v. Miss. Valley Ins. Co.*, 41 Ia., 286; *Hollis v. State Ins. Co.*, 65 Id., 45 t.) Delivery of proofs of loss to the local agent was insufficient; they should have been forwarded to the home office. (*Bush v. Westchester F. Ins. Co.*, 63 N. Y., 531; *Lohnes v. Ins. Co.*, 121 Mass., 439; 2 Wood, Fire Ins., sec. 420.) The term state agent, which is all Alverson is shown to have been, implies no grant of authority. (*Farmers Bank v. McKee*, 2 Pa. St., 318; *Dabney v. Stevens*, 2 Sweeney [N. Y.], 424; *Adriance v. Roone*, 52 Barb. [N. Y.], 411; Taylor, Private Corporations, sec. 236; Binmore, Corporators' Manual, sec. 189.) Under the Iowa liquor law, the building was being used for illegal purposes and any contract for its protection would have been contrary to law and void. (*Kelley v. Worcester Mut. F. Ins. Co.*, 97 Mass., 284; *Kelley v. Home Ins. Co.*, Id., 288; *Campbell v. Charter Oak F. & M. Ins. Co.*, 10 Allen [Mass.], 213; *Johnson v. Union M. & F. Ins. Co.*, 9 Ins. Law Journal, 86.)

*Brome, White & Mapes, contra:*

The question of jurisdiction was eliminated from this case by a general appearance. (*Crowell v. Galloway* 3 Neb., 219; *Kane v. People*, 4 Id., 513; *Burnham v. Doolittle*, 14 Id., 215; *Thrailkill v. Daily*, 16 Id., 116.) The agent who was entrusted with the policies signed in blánk, was fully authorized to waive all conditions of the policy, and none of its provisions as to waiver could limit such authority. (*Pit-*

*ney v. Glens Falls Ins. Co.*, 61 Barb. [N. Y.], 335; *Sheldon v. Atl. Ins. Co.*, 26 N. Y., 460; *Bodine v. Exchange F. Ins. Co.*, 51 Id., 117; *Mersereau v. Phœnix M. L. Ins. Co.*, 66 N. Y., 274; *Carroll v. Charter Oak Ins. Co.*, 10 Abb. Pr. N. S. [N. Y.] 166; *Williams v. Hartford Ins. Co.*, 54 Cal., 442; *Young v. Hartford Ins. Co.*, 45 Ia., 377; *Alman v. Phœnix Ins. Co.*, 27 Id., 203; *Franklin Ins. Co. v. Chicago Ice Co.*, 36 Md., 102; *Ins. Co. v. Wilkinson*, 13 Wall. [U. S.], 222; *Ins. Co. v. Colt*, 20 Id., 560; *Ins. Co. v. Wolff*, 95 U. S., 326.) The company was fully informed as to all purposes for which the building was used at the time of issuing the policy and the defense of illegal use is not available.

MAXWELL, J.

This is a proceeding in error to reverse the judgment of the district court of Madison county.

It appears from the record that on the 23d day of February, 1886, the Insurance Company of North America, plaintiff in error, issued to McLimans & Coyle its policy of insurance against fire upon their two-story frame store building, located on lot 7, block 54, in the town of Ogden, state of Iowa, the policy to continue in force for one year from the date of said policy. On the 12th day of February, 1887, a fire occurred which destroyed said building.

On the 7th day of April, 1887, the plaintiffs delivered to H. C. Alverson, general agent of the company, at his office in the city of Des Moines, Iowa, an affidavit for proof of loss.

No proof of loss was ever delivered to the defendant at its home office, nor at the office of its general agent in Erie, Penn.

This action was commenced upon the 16th day of September, 1887, in the district court of Madison county, Nebraska, and on the 16th day of April, 1888, the plaintiffs recovered judgment in said court against the defendant for $628 and costs.

The petition states "that at the time said policy was issued, and at the time of said fire, plaintiffs were the owners of the property insured; that they paid the premium for the policy, a copy of which is attached to the petition as 'Exhibit A'; that they performed all the conditions thereof on their part to be performed; that on the 12th day of February, 1887, said property was destroyed by fire; that on the 4th day of April, 1887, the plaintiffs gave defendant notice of said loss, accompanied by an affidavit as to how the loss occurred, and the extent thereof, and that no part of said loss has been paid, and they ask judgment for $600, with interest from the 12th day of February, 1887."

On the 31st day of December, 1887, the defendant, appearing specially and as a friend of the court, filed objections to the jurisdiction of the court, stating:

"First—That the contract of insurance herein sued on was made in Boone county, in the state of Iowa, and covered only property situated in said county, and the loss of the property therein described and insured occurred in said county, and said policy was performable only in said county, and at the home office of said insurance company in the city of Philadelphia, Pa.

"Second—That the cause of action sued on in this cause did not arise in Madison county, Nebraska, but in Boone county, Iowa.

"Third—That the cause of action herein sued on did not arise or grow out of the business or agency of any managing agent or other agent in the state of Nebraska.

"Fourth—That the loss herein sued for did not occur in the state of Nebraska.

"Fifth—That the summons in this case was served on D. T. Graham, an agent of defendant, residing in Madison county, Nebraska.

"Sixth—That said Graham did not receive the application for the policy in suit, nor did he issue or countersign said

policy or have anything to do with the adjustment of said loss, nor did the loss or claim therefor arise out of or have any connection with the office or agency of said Graham.

"Seventh—That section 2584 of chapter 6 of title 17 of said Code of Iowa was at the time said contract of insurance was made and all times since, and now is, the law of Iowa, and part of the contract herein sued on."

The motion to dismiss was overruled, which is now assigned for error. The motion was properly overruled.

A contract of insurance is personal in its nature, and action may be brought wherever service may be had upon the insurer. The laws of Iowa are merely for the regulation of the bringing of suits in that state. They have no extra-territorial effect to limit the bringing of the action in another jurisdiction. Neither do the statutes of this state prohibit the bringing of an action against the company here. Sec. 55 of the Code provides that "An action other than one of those mentioned in the first three sections of this title, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business; but if such corporation be an insurance company, the action may be brought in the county where the cause of action, or some part thereof, arose." This section gives a party aggrieved authority to bring an action against an insurance company in any county where the cause of action, or some part thereof, arose; that is, the action may be brought in the county where the cause of action, or some part thereof, arose, whether there is an agency of the company in that county or not. The section is remedial in its nature and not restrictive. The action therefore was properly brought in Madison county.

Considerable stress is laid on the fact that the proof of loss was served on the general agent of the insurance company instead of on the company itself. But this objection is untenable. While proof of loss must be furnished, all

42

that the law requires is a substantial compliance with that provision.

A party who in good faith has insured his property and paid the premium demanded for that purpose, may reasonably expec: that the insurer will also act in good faith, and upon receiving notice and proof of the loss promptly adjust and pay the same. Technical objections ought not to be sustained to defeat the right, and a general agent who has the general supervision of the affairs of the company in a state, so far represents the insurer that notice and proof of loss served upon him will be sufficient.

The insurance company answer the plaintiffs' petition, and among other defenses are the allegations that the building was vacant, and that it was used for an unlawful purpose, viz., the unlawful sale of intoxicating liquors.

The testimony tends to show that the plaintiffs below resided at Norfolk, in this state, while the agent of the insurance company, through whom the insurance was effected, resided at Ogden, Iowa, and near the property in question and seems to have known the facts in relation to the situation of the building and made no objection.

To what extent the company would be bound by his knowledge it is unnecessary to determine, as the questions of fact seem to have been fairly submitted to the jury.

The following letters, duly signed by the attorney in Iowa, of the insurance company, were introduced in evidence:

"DES MOINES, IOWA, May 2, '87.

"*Mess. McLimans & Coyle, Norfolk, Madison County, Neb.*: GENTLEMEN—Your items of April 19th to H. C. Alverson, and of same date to C. W. Fracker, relating to your claims against Ins. Co. of North America and Springfield Fire and Marine Ins. Co., have been received and handed to me, with other papers, and I have the same under consideration.

"It seems there is some doubt as to whether the compa-

nies are liable, and as present advised, they do not desire to either admit or deny liability, but rather to stand squarely upon their contracts, waiving none of their legal rights in the premises," etc.

"DES MOINES, IOWA, 6/6/'87.

"*Messrs. McLimans & Coyle, Norfolk, Madison County, Neb.:* GENTLEMEN—Your letter of May 5th was duly received and would have been answered ere this except for some rush of business and protracted absence from home. In your letter you say: 'You did not say on what grounds Ins. Co. refuse payments of our loss.' Of course I did not say on what grounds payment was refused, because I did not say that the companies refused to pay, and I do not wish to be understood now as saying that they will or will not pay. It seems, however, that the building, under the prohibitory law of Iowa, was being used for 'unlawful purpose' and that the building, just prior to the loss, became and was vacant and unoccupied. By reference to your policies you will observe that these two facts would render the policies void. There may be other facts which have not yet come to our knowledge which would operate in the same way. We therefore say that while we do not either admit or deny liability, that we will stand squarely on the contracts, waiving none of our legal rights in the premises."

We do not care to comment on these letters. In effect they say we know of no sufficient reason why we should not pay the loss, but nevertheless we will not do so unless compelled. The true rule would seem to be that the company should adjust and pay its losses promptly, unless there are just reasons for its refusal. What such grounds are it is unnecessary to inquire as they were not proved in this case.

There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.