SAXTON NATIONAL BANK, Respondent, v. THOMAS HAY-WOOD *et al.*, Appellants.

Kansas City Court of Appeals, May 20, 1895.

1. **Municipal Corporations:** RAILROADS: STREET IMPROVEMENTS. In the absence of statutory authority, the cost of street improvements can not be charged as a lien against the abutting right of way of a railroad company.

2. ———: ———: ———. Section 2609, Revised Statutes, 1889, requires railroads to construct and maintain crossings and approaches where they cross streets, specifying the material to be used; and section 1225 vests in cities of the second class power to require the railroad to keep the same in repair.

3. ———: ———: ———. Cost for improving streets, where the same is crossed and covered by railroad crossings can not be apportioned and levied on the abutting lot owners of other parts of the improved street.

4. **Construction:** STATUTES AND CONTRACTS. In construing statutes and contracts, they should be read in view of all the surrounding facts, and common sense and good faith are the leading characteristics of all interpretation.

5. **Municipal Corporations:** RAILROADS: STREET IMPROVEMENTS. A tax bill issued for street improvements can not be defeated by the fact that the contractor failed to macadamize, curb and gutter the portions of the street used and covered by railroad crossings and approaches.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

AFFIRMED.

*Willard P. Hall* and *Vinton Pike* for appellants.

(1) The issue made by the reply is that the contractor omitted to improve that portion of the street intersecting the railroad right of way, because it was not a part of the street. It being shown and declared by the court upon conceded facts that the space was a part of the street, the plaintiff should have been nonsuited. *King Hill v. Hamilton*, 51 Mo. App. 120. (2) The contract excepted no portion of the street, and consequently included the space of one hundred and fifty-seven and one half feet. The contractor performed no work on that space, and has therefore failed to perform his contract. *Galbreath v. Newton*, 30 Mo. App. 380; *Bank v. Payne*, 31 Mo. App. 512. (3) The engineer could not excuse Gibson from performing any substantial part of the improvement ordered by the ordinance. *King Hill v. Hamilton, supra.* (4) The city had control over the crossing and power to provide the kind of improvement to be made. Elliott, Roads and Streets, 598 *et seq.* The railway companies are not obliged to pave that portion of the street. *City of Hopkins v. Railroad*, 79 Mo. 98. (5) If the railway companies are required to construct crossings, they are not required to pave the street between the tracks where spaces are of the extent of twenty-eight feet.

*Joshua A. Graham, B. J. Woodson* and *B. R. Vineyard* for respondent.

(1) In suits like this, seeking to recover for street improvements, only substantial compliance with the requirements of the contract and with the provisions of law governing such matters is required. *Sheehan v. Owen*, 82 Mo. 458; *St. Louis v. DeNoue*, 44 Mo. 139; *St. Joseph v. Anthony*, 30 Mo. 542; *Cole v. Skrainka*,

105 Mo. 309; s. c., 37 Mo. App. 428; *Steffen v. Fox*, 56 Mo. App. 9; *Brick Co. v. Hull*, 49 Mo. App. 433, 442; *Johnson v. Duer*, 115 Mo. 366; *Kily v. City of St. Joseph*, 67 Mo. 491. (2) Opposing counsel lay great and repeated stress upon the "spaces between the tracks (eight in number) extending across this strip of ground. In referring to the right given and duty imposed by the statutes (Rev. Stat. 1889, sec. 2609) which the evidence showed the companies occupying this strip had complied with, our opponents lose sight of the duty imposed upon the companies by the statutes to improve the "approaches" to the tracks as well as the tracks themselves. We think that what the other side calls "spaces" would be, more accurately speaking, called "approaches." At least these narrow "spaces" would come within the description covered by the broader expression "crossings" which the statute requires, by the section referred to, to be constructed and maintained by the railroads at their own expense. The case of *City of Hopkins v. Railroad*, 79 Mo. 98, cited by opening counsel, has no application to this case, for the reason that section 807 of the revision of 1879, was greatly changed by amendment, which was carried into section 2609 of the Revised Statutes of 1889. Besides the charter of Hopkins differs greatly from that of St. Joseph, cited in the next subdivision of this brief. (3) The justice and reasonableness of the contention just presented by us become all the more apparent by an examination of a recent decision of this court (*Sweany v. Railroad*, 54 Mo. App. 265) where it is held that a railroad right of way can not be charged with a special tax bill. These "rights of way" must be improved and kept in repair by the railroads themselves at their own expense, so that the burden thereof will not fall on the property owners outside of their limits, and the property holders in town must pay

for street improvements made on the streets on which their property fronts, so far as these improvements are constructed outside of the right of way of the railroad companies.

SMITH, P. J.—St. Joseph is a city of the second class. Eight railroad tracks intersect Hickory street, a street of said city, between Sixth and Eleventh streets, and occupy a strip across it one hundred and fifty-seven feet in width. The distances between these several tracks vary from five to twenty-eight feet. The railroad companies occupying said strip with their tracks improved the same by constructing a crossing thereon, as provided by section 2609, Revised Statutes, to the extent of placing planks next to the rails inside and outside thereof, about the entire width of the street, and by placing coal cinders so as to render the street at that point in a reasonably good condition for travel and accessible by the public, except when some of said railroad tracks were being used by the railroad companies owning them. Gates and a flagman were provided by the railroads at this crossing. The railroad companies occupying said street did so with the knowledge and acquiescence of the city.

The city passed an ordinance in pursuance of which a contract was made, providing for the macadamizing, curbing and guttering of said Hickory street from Sixth to Eleventh streets. The contractor, under direction of the city engineer in charge of the work under the contract, omitted to macadamize, curb and gutter so much of said street as was occupied by the several railroad tracks already mentioned. The evidence tended to show that the contractor completed the work according to the contract up to the tracks occupying the outside of said strip, and that he could not have macadamized, curbed and guttered so much of said

street as was occupied by said railroad tracks, in the manner provided in the said ordinance and contract, without removing said railroad tracks.

This is an action brought by the plaintiff bank, as assignee of the contractor, on one of the tax bills issued against certain abutting property, by the city to the said contractor for the work done by him on said street, under his contract. The plaintiff had judgment in the court below, and the defendants appeal.

The decisive question in the case arises out of the action of the court in refusing an instruction asked by defendant, to the effect that if the plaintiff "omitted from his contract work spaces or a space between the railway tracks, at the Hickory street crossing, and that on said spaces no macadamizing, curbing or guttering was done," there could be no recovery.

The defendants, in support of the theory announced by this instruction, insist that the contract excepted no portion of said street from the improvement, and consequently included the strip across the same occupied by said railroad tracks. And that, inasmuch as it is conceded that the contractor did not macadamize, curb and gutter any part of said strip, therefore he failed to perform his contract. The plaintiff, on the other hand, insists that the impossibility of improving that part of said street occupied by said railroad tracks, owing to existing conditions, must have been in the minds of the framers of the ordinance, at the time of its passage, and that the existence of those conditions at the time had the same effect as though that part of the street had been expressly excepted from the requirement of the ordinance.

In the absence of statutory authority, the cost of a street improvement can not be charged as a lien against the abutting right of way of a railroad company. *Sweany v. Railroad*, 54 Mo. App. 265. And as our attention

has been called to no such statute in this case, we assume that none exists.

The statute requires every railroad company to construct and maintain a good and sufficient crossing and approaches thereto, where its road crosses a town street opened for public use, and further specifies of what material and in what manner such crossings and approaches shall be constructed. R. S., sec. 2609. And subdivision 36 of section 1255 of the charter of said city (R. S., p. 367) vests in it the power to require railroad companies to construct and keep in repair suitable crossings at the intersection of the streets and alleys. It is thus seen that the statute imposes upon railway companies the duty of constructing and maintaining crossings and approaches thereto, at points where their road intersects the streets and alleys of a city, which have been opened for public use. The power is also given cities of the second class to require the performance of this duty.

It may well be doubted whether, if the contractor had in this case done any work whatever on that part of the street covered by the railroad crossings, the cost of the same could have been apportioned among the abutting lot owners on the other parts of said street improved under the contract. It seems to us that the cost of such improvement could no more have been made a lien against the abutting property on the improved parts of said street, than it could against the abutting right of way of the railroad, at the street crossing. Was it the intention of the city in passing the ordinance to require that part of said street covered by said railroad crossing to be macadamized, curbed and guttered?

The rule is, that in order to ascertain the purpose or intention of a statute, if not clearly expressed, it should be read in view of all the surrounding facts and

circumstances under which it was enacted. This rule is to be invoked alike in the construction of statutes and contracts. Sutherland on Stat. Constr., sec. 300; 1 Addison on Contracts, sec. 221; *Lumber Co. v. Warner*, 93 Mo. 374; *Building Ass'n v. Kleinhoffer*, 40 Mo. 388. In Potter's Dwarris on Statutes and Constitutions, page 48, it is said that common sense and good faith are the leading and principal characteristics of all interpretation. Reading the said ordinance in the light of the facts and circumstances surrounding its passage, and to which we have heretofore adverted, we can not conclude that it was the intention or purpose of the framers to require that part of said street covered by said railroad tracks to be improved. Would not therefore an interpretation of the ordinance or contract that requires the contractor to macadamize, curb and gutter that part of said street covered by said railroad tracks be unreasonable and unjust? Mr. Bishop in his Law of Contracts, section 400, states that interpretation will lean to the rendering which will make the contract reasonable and just.

In view of the facts (1) that it was impracticable to macadamize, curb and gutter that part of the street covered by said railroad tracks, without removing the same; (2) that the cost of such improvement would not constitute a lien against the abutting railroad right of way, nor a liability of any kind; (3) that it was the duty of the railroads, at their intersection of said streets, to make suitable crossings at their own expense, it seems to us that a construction of said contract requiring the improvement of that part of said street, in order to constitute complete performance, would be unreasonable and unjust and should not be countenanced.

If a perennial stream had crossed said street, instead of said railroad right of way strip, a construction of

the ordinance and contract that would require the contractor to macadamize, curb and gutter the former, would be quite as reasonable as in the present case. It would be manifestly absurd to contend that it was the intention of the framers of the ordinance to require the improvement in the case just supposed, yet the contention that the requirement was intended by the ordinance in the actual case before us does not seem less absurd.

For aught that appears in the record, the contractor substantially complied with his contract. The defendants received all the benefits resulting from such compliance and have no just ground of complaint. The judgment was clearly for the right party.

No error is perceived in the action of the court in the giving or refusal of instructions materially affecting the merits. There appears to be nothing in the record to justify our interference, so that it results the judgment must be affirmed. ELLISON, J., dissents.