JOHN PURCELL et al., Respondents, v. LAND TITLE GUARANTEE COMPANY, Appellant.

Kansas City Court of Appeals, April 7, 1902.

1. **Title Guarantee:** CONSTRUCTION OF CERTIFICATE. A certificate issued by a land guarantee company and set out in the opinion is construed to be a guarantee of the title and not a mere guarantee of the correctness of the certificate.

2. ——: LIMITATIONS: ACCRUING OF ACTION. The guarantee of the title of real estate is an indemnity in the nature of an insurance and right of action does not arise until there has been actual loss or ouster and the statute of limitations consequently does not begin to run until such time.

3. ——: NOTICE OF ACTION: WAIVER. A certificate of guarantee of title of real estate required written notice of action affecting the title. *Held*, such stipulation could be waived through a proper agent and the question of waiver when properly submitted is closed by the finding of the court.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,*
Judge.

AFFIRMED.

*Dobson & McCune* and *J. P. Gilmer* for appellant.

(1)   The certificate of title sued on is not a policy of insurance but is merely a certificate of title, the correctness of which is guaranteed.   (a) Insurance is a contract whereby one for a consideration undertakes to compensate another if he suffer loss.   May on Insurance, p. 1.   An insurance in relation to property is a certificate whereby the insurer becomes bound for a definite consideration to indemnify the insured against loss or damage to certain property named in the policy by reason of certain perils to which it may be exposed. Dover Glass Works v. Ins. Co., 29 Atl. Rep. 1039.   The certificate in question does not agree to indemnify.   (b) If insurance had been intended the certificate would have been in the form of a policy such as was used in the following cases: Ins. & Trust Co. v. Drexel, 70 Fed. Rep. 194; Quigley v. Ins. & Trust Co., 62 N. W. 287, and 69 N. W. 706.   (2) The obligation upon the certificate in this case consists of two elements: (a) a certificate of title and (b) a guaranty that this certificate is correct.   Warvelle on Abstracts, p. 550; Schade v. Gehner, 133 Mo. 252; Rankin v. Schaeffer, 4 Mo. App. 108; Mortgage & Trust Co. v. Hughes, 20 Fed. Rep. 39; Ehmer v. Title Guarantee & Trust Co., 34 N. Y. Sup. 1132; s. c., 50 N. E. 420; Dickel v. Nashville Abs. Co. (Tenn.), 14 S. W. 896; Russell v. Polk Co. Abs. Co., 87 Iowa 233; s. c., 54 N. W. 212.   (3) This action is barred by the statute of limitation.   Section 4273, Revised Statutes 1899, applies.   Schade v. Gehner, 133 Mo. 252; Rankin v. Schaeffer, 4 Mo. App. 108; St. Louis Gas Light Co. v. St. Louis, 11 Mo. App. 55; Harper v. Eubank, 32 Mo. App. 258.

The statute began to run at the date of the certificate.   Rankin v. Gillette, 95 Cal. 317, 30 Pac. 545; Provident Loan Trust Co. v. Wolcott, 5 Kan. App. 473, 47 Pac. 8; Russell v. Polk Co. Abs. Co., 87 Iowa 233, 54 N. W. 212.   (4)   Respondents having failed to give appellant notice of the foreclosure proceedings, there can be no recovery.   Dermott v. Jones, 2 Wall. 1; Russell v. Polk Co. Abs. Co., 87 Iowa 233, 54 N. W. 212; Roberts v. Leon Loan & Abstract Co., 63 Iowa 76, 18 N. W. 702; same case on second appeal, 69 Iowa 673, 29 N. W. 776; 1 Am. and Eng. Ency. of Law (2 Ed.), p. 221.

*Johnson & Lucas* for respondents.

(1)   The obligation sued on is a contract of indemnity and insurance, with a continuing guaranty, as clearly appears from its terms.   10 Am. and Eng. Ency. of Law (1 Ed.), 402; Drummond v. Prestman, 25 U. S. 515; Douglass v. Reynolds, 32 U. S. 113; Kernochan v. Murray, 2 L. R. A. 183.   (2)   The statute of limitations did not begin to run until the "loss or damage" occurred by the eviction of the tenants of respondents in June, 1897.   Rowsey v. Lynch, 61 Mo. 560; Kennard Co. v. Dornen, 64 Mo. App. 17.   (3) The question whether notice was given to appellant of the existence of and proceedings under the McElroy deed of trust, was determined by the jury in favor of respondents.   And when notice was once given, appellant was bound, and it was its duty to look after the deed of trust and all subsequent proceedings thereunder.   City of Memphis v. Miller, 78 Mo. App. 67; Garrison v. Baggage Co., 94 Mo. 130; St. Joseph v. Railway, 116 Mo. 636; Railroad v. News Co., 151 Mo. 373.

BROADDUS, J.—The allegations of the petition are that the defendant corporation was, at the date of the transaction hereinafter mentioned, and still is engaged in the bus-

iness of examining, certifying and guaranteeing titles in Jackson county, Missouri, and that on the twenty-fifth day of November, 1890, the defendant, in consideration of the sum of forty dollars paid to it by the plaintiffs, issued to said plaintiffs, in writing, the following certificate or guaranty of title to the lands therein described, omitting description of the property, viz.: "Land Title Guarantee Company, a corporation under the laws of Missouri, pursuant to application No. 1158, dated the twenty-fourth day of November, 1890, referred to and made a part of this contract, hereby certifies that it has examined the title to the following described lands in Jackson county, Missouri, to-wit: . . . and hereby certifies that John Purcell (owning an undivided two-thirds interest therein), and Pierce Beresford (owning an undivided one-third interest therein) have a good and perfect title in fee simple to the above described premises, free from liens and incumbrances on this twenty-fifth day of November, 1890, at four o'clock and fifty-five minutes p. m., except a deed of trust executed by John Purcell and Pierce Beresford, dated November 2, 1889, and recorded in book B 381, at page 154, in the recorder's office of Jackson county, Missouri, securing to William J. Scott six notes amounting in the aggregate to twenty-eight hundred dollars and interest thereon.

"And the said Land Title Guarantee Company, for the consideration of forty dollars, makes this certificate to John Purcell and Pierce Beresford, their heirs and assigns, and guarantees the same to be correct.

"Said guarantor shall not be liable for damages beyond five thousand dollars, and shall, at its own cost, defend said guarantees, and heirs and assigns, in every suit or proceeding on any claim against or right to said land, or any part thereof, adverse to the title hereby guaranteed and not herein excepted, provided the party or parties entitled to such defense shall, within a reasonable time after the commencement of such suit, or proceeding, and in ample time for defense therein,

give said guarantor written notice of the pendency of the suit or proceeding, and authority to defend, said guarantor not to be liable for loss or damage from a suit or proceeding. without such notice and authority, and said guarantor shall not be liable until each adverse claim or right shall have been held valid by a court of last resort, and, if such adverse claim or right so established shall be for less than the whole of the land, then the liability of the guarantor shall be only such part of the whole liability limited above as shall bear the same ratio to the whole liability that the adverse claim or right established may bear to the whole lands.

"If the guarantor shall at any time pay any claim under this certificate and guaranty, it shall be entitled to all rights and remedies which the party guaranteed would have against any other party or property, on account of loss from the establishment of such adverse claim or right, had this certificate and guaranty not been made, and shall be entitled to an assignment of such rights, if an assignment can legally be made, or to the proper remedy or remedies in the name of any other party or parties for its use, when it can not according to law obtain an assignment of such rights and enforce the remedy in its own name, and said guarantor shall be subrogated to all rights of action and remedies to accomplish the result above specified.

"In testimony whereof, the Land Title Guarantee Company has caused this certificate to be signed by its president and its seal. to be attested by its secretary, this twenty-fifth day of November, A. D. 1890.

(Seal)    "SAMUEL M. JARVIS, President.
"Attest:  A. W. CHILDS, Secretary."

Plaintiff alleges that at the time defendant issued said certificate there was a valid deed of trust creating a lien upon said property, which was afterwards foreclosed by sale; and that the plaintiffs were evicted by legal process from. the pos-

session of said property by the purchasers at said sale. Plaintiffs sue for a breach of the contract. Defendant's answer makes several special defenses, some of which are not relied on in this appeal. We will only consider such as are. The statute of limitations is pleaded and failure of plaintiffs to give defendant written notice of the proceedings to foreclose said deed of trust, as provided by the certificate, in addition to the general denial of the right of the plaintiffs to recover on the cause of action set out in their petition. The plaintiffs admit the failure to give the written notice, as alleged, but charge that the defendant waived it.

There was a trial before a jury and verdict and judgment for plaintiffs for $2,600, from which defendant appealed.

The principal contention upon the part of the defendant is that the writing in suit is not a guaranty of title, only a guaranty of the correctness of the certificate. This contention is based upon the following recitation in the certificate, viz.: "And the said Land Title Guarantee Company for the consideration of forty dollars makes this certificate to John Purcell and Pierce Beresford, their heirs and assigns, and guarantees the same to be correct."

Standing alone, there could be no construction put upon it other than that it was merely a guaranty of the correctness of the certificate, for that is its plain meaning; it would not be a debatable point. But such a construction would in effect render nugatory other provisions in the certificate to be found in the two following clauses, which would be doing violence to the rule that, "the whole agreement is to be considered and a liberal interpretation given." Johnson county v. Wood, 84 Mo. loc. cit. 509. This is said to be a rule of general application. In truth, we do not see how any other rule could exist, as any other or different rule would be in conflict with the plainest dictates of common sense and right. "Common sense and good faith are the leading characteristics of all interpre-

tations." Bank v. Haywood, 62 Mo. App. 550. In the next clause of said writing, among other things, we find the following language: "Said *guarantor shall not be liable for damages beyond five thousand dollars,* and shall at its own cost defend said *guarantees,* and heirs and assigns, in every suit or proceeding on any *claim against or right to said land or any part thereof adverse to the title hereby guaranteed,"* etc. (Italics ours.)

If the defendant was only contracting for the correctness of the certificate, wherein the rule of damages would be very different from that in a case of guaranty of title, why was it deemed necessary to insert a provision in the contract guarding the rights of the defendant so closely as to require of plaintiffs, if any proceedings were instituted, or claim against or right to the land, to give it written notice in order that it might protect its interest to be affected by said proceedings or such claim adverse to the title *guaranteed?* And the language used, *adverse to the title hereby guaranteed,* seems to be just as explicit as that in the former clause wherein the correctness of the certificate is guaranteed. And further, it is provided that if loss is occasioned by any proceedings or claim or right established against the property, "if less than the whole of the land then the liability of the guarantor" shall be proportionate. Thus, not only is there a provision guarding the rights of the defendant in case of proceedings against the property, or claims or rights asserted against it, but a rule is provided by which the extent of the defendant's liability is to be ascertained in case of loss. And the succeeding clause provides that, "if the *guarantor shall at any time* pay any claim under this *certificate and guaranty,"* it shall be subrogated to all the rights of the guaranteed and shall be entitled to an assignment of all such rights. If the defendant's undertaking was only as to the correctness of the certificate, it would not have to answer for loss occasioned by any proceedings against the property, or by reason of the assertion of

any claim or right against it, in which event the said two last clauses of the instrument would be wholly unnecessary as a part of the same.   Further, what meaning are we to attach to the words, *"adverse to the title hereby guaranteed,"* except what they plainly import; that the defendant was a guarantor of the plaintiff's title?   There are no other words used in the entire instrument that are in the least in conflict with them or the meaning attached to them.   The fact that the defendant in the first instance guaranteed the correctness of the certificate is in no sense inconsistent with a guaranty of title also.   In fact, a certificate of title is in effect only a corollary of a guarantee of title.   It seems to us that the writing, looking at it as a whole in all its provisions, should be construed as a guaranty of title.

It is contended that the plaintiffs' cause of action is barred by the statute of limitations, as the certificate in question was issued November 25, 1890, and suit begun December 21, 1897—more than five years after the date of the certificate.   If the five years' limitation applies and the cause of action accrued at the date of issuance of the guaranty, then said contention must be sustained.   In Schade v. Gehner, 133 Mo. 252, a question arose upon a case against an abstractor of titles as to the title to a certain city lot.   The action was one for negligence.   The defendant had represented to the plaintiff that he had examined the title to the land, and that it was all right.   This was done in November, 1881.   The court held that in actions on the case for negligence, the cause of action is in the breach of duty and not the consequential damages resulting therefrom, and that the statute begins to run from the time of the breach, and not from the time the consequential damages ensue.   In other words, the cause of action grew out of the negligence of the defendant in his examination of and report on the condition of the title, which was in November, 1881, and that the statute began to run from that

date.   The action here is on an indemnity and the rule applied by the courts is very different.

In Rowsey v. Lynch, 61 Mo. loc. cit. 563, the court held that in an action on a simple contract of indemnity, there was no breach until the plaintiff suffered damages by the sale of his property.

A contract of insurance is an indemnity, and it would not be contended that the cause of action accrued at the date of the policy and not at the time of the loss.   A guaranty is also an indemnity similar to that of insurance and is governed by the same rule.   This stands to reason.   It is true that the incumbrance under which the plaintiffs were evicted, existed at the time of the issuance of the certificate in question, but the indemnity was not against incumbrances, but against the assertion of such or other claims or rights against the property and loss occasioned thereby.   The plaintiffs had no cause of action under their contract until the adverse claim against plaintiffs' property was asserted and the defendant afforded time and opportunity of defending against it.   The defense was made by defendant, and judgment of eviction against plaintiffs' tenants was rendered in June, 1897, and the suit was begun in December of the same year.   We hold that under the contract in suit the breach did not occur until plaintiff's eviction.

It was a condition of the contract that plaintiffs were to give defendant written notice of any proceedings against the property, which they failed to do.   The plaintiffs admit that they did not give the notice required, but allege that the defendant waived it.   On the trial, plaintiff Purcell testified that when he learned of the said outstanding deed of trust he went to Mr. Schuler, the agent in charge of the defendant's business in Kansas City, Missouri, and informed him of the existence of said deed of trust; that Mr. Schuler told him that it did not amount to anything and that he need not pay any further attention to it.   Plaintiff then stated that it was on

account of what the agent said that he gave no notice. In
Nickell v. Insurance Co., 144 Mo. 420, in an opinion by
Judge MARSHALL, the court held that when a local agent of
an insurance company has authority to represent the com-
pany in making contracts of insurance, in collecting the pre-
miums and in signing its policies, he has also authority to
waive proof of loss either in writing or by parol, or by mat-
ters *in pais,* which amounts to an estoppel. As has been said,
the contract in suit, like an insurance policy, is in the nature
of an indemnity, and the rule applicable to insurance agents,
as to the power of waiver, applies as well to the one as the
other. If plaintiff Purcell relied on the statement of the
agent that he need pay no attention to the deed in question,
and for that reason did not give the written notice of the fore-
closure proceedings, the defendant is estopped under the rule
from availing itself of plaintiffs' failure in that respect. The
matter was submitted to the jury in an appropriate instruc-
tion, and the finding on that issue was for the plaintiffs; and
we can see no good cause for disturbing this verdict.

The defendant asked at the hands of the court sixteen
instructions, all of which were refused but three, and those
so refused are in conflict with this opinion. Those given for
the plaintiffs represent the true theory of the case.

For the reasons given, the cause is affirmed. All concur.