399 P.2d 924

**E. E. GILES, Plaintiff-Appellant, and Cross-Appellee,**

**v.**

**CANAL INSURANCE COMPANY, Defendant-Appellee, and Cross-Appellant.**

**No. 7456.**

Supreme Court of New Mexico.

March 8, 1965.

J. D. Weir, J. R. Crouch, Las Cruces, for appellant.

LaFel E. Oman, Garnett R. Burks, Jr., Las Cruces, for appellee.

PAUL F. LARRAZOLO, District Judge.

The appellant, E. E. Giles, hereinafter referred to as the "plaintiff" for purposes of convenience, has appealed against an adverse judgment entered against him in a complaint filed by him against the Canal Insurance Company, appellee, hereinafter referred to as "defendant."

The suit was brought on an insurance policy issued by the defendant insurance company against loss or damage by theft, larceny, robbery or pilferage on a certain tractor and trailer owned by the plaintiff.

The plaintiff's complaint alleges that on or about August 10, 1961 the above-mentioned equipment was believed to have been in the possession of one Jim Johnson, who was at that time an employee of the plaintiff; that such equipment was then in Miami, Florida and that the tractor and trailer were taken from the possession of the said Jim Johnson by a person or persons unknown by theft, larceny or robbery after the employment of Jim Johnson had been terminated; that the taking was without the consent or permission of the plaintiff; that the tractor and trailer remained in the custody of some unknown person and that the plaintiff reported the loss of such vehicles to the defendant company on August 22, 1961 through one John McLean, its authorized agent; and that the company thereafter had full and actual knowledge of such loss, and the plaintiff has at all times complied with the terms and conditions set forth in the insurance policy, and the endorsements thereto.

To the above complaint the defendant filed an answer setting up denial of liability and asserting as affirmative defenses that the plaintiff had not filed a proof of loss in the form and within the time expressly required by the policy of insurance and that no proof of loss had ever been filed or claim made for the loss of the equipment.

At the conclusion of plaintiff's case upon the trial of the issues and after the plaintiff had testified at length, the court made the following findings of fact and conclusions of law upon which a judgment was entered for the defendant upon motion by defendant's attorney under the provisions of Rule 41(b) of the Rules of Civil Procedure for the district courts:

## "FINDINGS OF FACT

### "I.

"That the plaintiff is a resident of Dona Ana County, New Mexico, and the defendant is duly authorized to conduct and do insurance business in the State of New Mexico, and has designated the Superintendent of Insurance as its true and lawful attorney upon whom may be served lawful process.

### "II.

"That during the month of August, 1961, there was in force and effect a policy of insurance, being Policy No. A 83088, issued by defendant to plaintiff covering a 1957 Kenworth tractor and a 1955 Great Dane trailer, a copy of said policy of insurance is attached to the original complaint on file in this cause and is marked as Exhibit A.

"III.

"That an endorsement of said policy of insurance was issued by the defendant on August 24, 1961, covering the period from July 16, 1961, to July 16, 1962, and which endorsement was issued to exclude the 1955 Great Dane trailer described in said policy of insurance and to include coverage under said policy on a 1956 Great Dane trailer. A copy of said endorsement is attached to the First Amended Complaint and is marked Exhibit B.

"IV.

"That said tractor and 1956 model trailer were delivered into the possession of one Jim Johnson and one Harvey Pillows by the plaintiff for the purpose of hauling produce, et cetera from Florida to California, from California to Florida and from and to other points in the United States.

"V.

"That the said tractor and 1956 model trailer were in the possession of the said Jim Johnson, pursuant to the arrangement between him and the plaintiff, when the plaintiff last saw and he last heard of the location of said tractor and 1956 model trailer.

"VI.

"That the provisions of the contract of insurance concerning notice of loss were either complied with by the plaintiff, or were waived by the defendant.

"VII.

"That the plaintiff on two occasions, once in October or November, 1961, and once in December, 1961, or January, 1962, saw the said Jim Johnson in Las Cruces, New Mexico, but made no efforts to talk with him or learn from him the whereabouts of the said tractor and 1956 model trailer.

"VIII.

"That the plaintiff offered no substantial evidence that the said tractor and 1956 model trailer were lost by theft, larceny, robbery or pilferage."

"CONCLUSIONS OF LAW

"I.

"That this court has jurisdiction of the persons and subject matter involved herein.

"II.

"That the plaintiff failed to establish a loss by theft, larceny, robbery or pilferage of either the tractor or the 1956 model trailer.

"III.

"That the Motion of the defendant made at the close of plaintiff's case to dismiss plaintiff's First Amended Complaint should be granted and the plaintiff's First Amended Complaint should be dismissed with prejudice."

The defendant cross-appealed, but in view of our opinion in this case we will make no further reference to defendant's cross-appeal.

■ As will be noted from the above, this case was decided by the court upon motion by the defendant under the provisions of Rule 41(b) of the Rules of Civil Procedure at the close of plaintiff's case. Plaintiff attacks the court's findings and the judgment on the theory that this case having been decided on motion made at the end of plaintiff's case, the trial court and the appellate court must consider plaintiff's testimony, together with all reasonable inferences that may be deducted therefrom, in a light most favorable to the plaintiff. This doctrine upon which the plaintiff relies is directly contrary to this court's pronouncement in several cases, illustrated by the language found in Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824:

"When acting under Rule 41(b), the trial court may determine the facts and in so doing is not bound to give plaintiff's testimony the most favorable aspect, together with all reasonable inferences therefrom, and to disregard all unfavorable testimony. Rather, it is the trial court's duty to weigh the evidence and give to it such weight as he believes it is entitled to receive. Hickman v. Mylander, 68 N.M. 340, 362 P.2d 500. * * *

"We then examine the evidence to determine whether the finding is supported by substantial evidence. In doing this we view the evidence in the light most favorable to supporting the finding. Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330; Addison v. Tessier, 62 N.M. 120, 305 P.2d 1067; Hines v. Hines, 64 N.M. 377, 328 P.2d 944; Totah Drilling Co. v. Abraham, 64 N.M. 380, 328 P.2d 1083."

See, also, Hickman v. Mylander, 68 N.M. 340, 362 P.2d 500.

The problem before us then is whether the trial court had sufficient evidence before it at the conclusion of plaintiff's case to enter a judgment against the plaintiff and for the defendant.

■ We have reviewed the transcript in this case. Not only is there no evidence of a theft of the truck and trailer, but by plaintiff's own admission, he did not even inquire of Jim Johnson, who was in charge of the equipment, concerning its whereabouts when he saw him on two occasions after the alleged theft, nor did he cause any criminal charges to be brought against Johnson. We think the trial court's findings of fact have substantial support in the evidence.

The plaintiff raises the question in this case as to whether or not embezzlement is included in the above-mentioned policy. We do not feel it necessary to decide that

phase of the case, as the findings of the court below based on the evidence heard by the court amply justify the court's conclusions of law that there was no loss by theft, larceny, robbery or pilferage.

The judgment of the lower court is affirmed.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.