438 P.2d 636

Herman S. GALLEGOS, sometimes known as Herman Gallegos, Jr., and Luis Gallegos, Plaintiffs-Appellees and Cross-Appellants,

v.

Margarito T. WAR and Sirila M. War, Defendants-Counter-Claimants-Appellants and Cross-Appellees.

No. 8272.

Supreme Court of New Mexico.

Jan. 15, 1968.

Rehearing Denied April 1, 1968.

Charles B. Barker, Santa Fe, for appellants.

O. R. Adams, Jr., Albuquerque, for appellees.

OPINION

COMPTON, Justice.

This is an action by the plaintiffs to quiet title to tracts 1 and 2, being a portion of exception 365, private claim 270, parcel 1, and exception 374, private claim 277, parcel 1, within San Juan Pueblo Grant. Issue was joined by a general denial; by counterclaim the defendants allege that they were owners

in fee simple of the premises under conveyances affording color of title. They also alleged that they have been in actual possession of tract 2, exception 374, for a period of more than 15 years and had paid all taxes assessed thereon.

The land in controversy is a strip of land approximately 26 feet in width from north to south and 4085.55 feet in length from east to west. The court found that plaintiffs were the fee owners of the entire strip except a portion on the east, south of a certain fence line between San Antonio del Guache Ditch and Acequia de los Salazars, and that the defendants were the owners of that portion of the strip south of the fence line by adverse possession. Judgment was entered accordingly and both parties have appealed.

The appeals turn on questions of fact. We have made an extensive review of the record, and, from such review, we conclude that the finding has substantial support in the evidence. The appellees through a series of conveyances established a fee title in themselves to the entire strip. However, the record shows that appellants have been in actual, exclusive, notorious, continuous adverse possession of that part of the strip south of the fence line under color of title, with the payment of all taxes due thereon for a period of more than 10 years. There is evidence that they have farmed that portion of the strip annually since 1949.

The appellants make the contention that the court having found that they were fee owners of a portion of the strip by adverse possession, that by construction such possession should extend to the entire tract. It is well settled that where one is in actual possession of a portion of a tract under color of title, generally, it may be presumed that such possession extends to the limits of the land described in his deed. Quintana v. Montoya, 64 N.M. 464, 330 P.2d 549, 71 A.L.R.2d 397; Montoya v. Unknown Heirs, 16 N.M. 349, 120 P. 676; 232 U.S. 375, 34 S.Ct. 413, 58 L.Ed. 645; Garcia v. United States, 43 F.2d 873 (10th Cir. 1930).

But the difficulty with appellants' position is that the court refused to adopt their requested findings to the effect that the conveyances of the property to them afforded color of title to the entire tract. The refusal of the court to adopt the requested findings must be regarded on appeal as a finding against appellants who requested the findings. Trower v. Board of County Com'rs of Curry County, 75 N.M. 125, 401 P.2d 109; Hopkins v. Martinez, 73 N.M. 275, 387 P.2d 852; Coseboom v. Marshall Trust, 67 N.M. 405, 356 P.2d 117; Farrar v. Hood, 56 N.M. 724, 249 P.2d 759. Treating the presumed finding as having been made, the appellants failed to show color of title in themselves to the entire tract.

The appellees have cross-appealed, challenging the finding of the court that appellants were the owners by adverse possession of that portion of the strip awarded to them. The finding is adequately supported by the evidence, and what we have said disposes of the cross-appeal.

The judgment should be affirmed, and it is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.