512 P.2d 667

**Louie L. WORTHEY and Mildred E. Worthey, Plaintiffs-Appellants,**

v.

**SEDILLO TITLE GUARANTY, INC., and American Title Insurance Company, a corporation, Defendants-Appellees.**

No. 9603.

Supreme Court of New Mexico.

July 20, 1973.

Gallagher & Ruud, David R. Gallagher, Albuquerque, for plaintiffs-appellants.

Modrall, Sperling, Roehl, Harris & Sisk, Joseph E. Roehl, Bruce D. Black, Albuquerque, for defendants-appellees.

## OPINION

OMAN, Justice.

This is an appeal by plaintiffs from a judgment entered in favor of defendant, American Title Insurance Company, hereinafter called Title Company, and dismissing plaintiffs' complaint against this defendant. The judgment was entered pursuant to the provisions of Rule 41(b), Rules of Civil Procedure [§ 21–1–1(41)(b), N.M.S.A.1953 (Repl. Vol. 4, 1970)], after plaintiffs had completed the presentation of their evidence at trial. We affirm in part and reverse in part.

Defendant, Sedillo Title Guaranty, Inc., hereinafter called Sedillo, was the Title Company's agent in Albuquerque and actually sold and delivered to plaintiffs a mortgagee policy of title insurance on the Title Company's form. Plaintiffs were insured under the policy against loss up to the amount of $10,000, which is the amount plaintiffs loaned the mortgagor in July 1966.

It developed that an instrument evidencing a prior lien on the real estate was in existence and of record. The record of this prior lien was either overlooked by Sedillo, or for some other reason was not mentioned in or excepted from coverage under the policy. The mortgagor became delinquent on the indebtedness secured by the mortgage lien to plaintiffs. Plaintiffs' attorney, some time before March 8, 1967, learned of the existence of the prior lien. On March 8, 1967, plaintiffs filed suit to foreclose their lien, and the holder of the prior lien was named as one of the defendants. These foreclosure proceedings were concluded by a judgment and decree in which it was determined and adjudicated that the prior lien constituted the first, prior and paramount lien upon the real estate, and plaintiffs' mortgage lien consti-

tuted a second and inferior lien thereon. The property was subsequently sold at a foreclosure sale and the proceeds thereof applied on the indebtedness secured by the prior lien.

Plaintiffs then brought the present suit against the Title Company and Sedillo. Judgment was entered for the Title Company but against Sedillo, and, as above stated, plaintiffs have appealed from the judgment entered for the Title Company. They rely upon four separately stated points for reversal, and these points will be considered in the order of their presentation in the brief in chief.

The first is that:

"The judgment below is erroneous for the reason that the defendant American Title Company did not establish that it was prejudiced by any failure of the insured to comply with any notice conditions of the policy, nor did it establish, if it were prejudiced, the extent of such prejudice."

Insofar as plaintiffs' position under this point is concerned, it is assumed they failed to comply with the notice provisions of the policy. The two issues presented are:

(1) Was there evidence to support the trial court's findings to the effect that plaintiffs' failure to notify the Title Company prejudiced it?

(2) If there was actual prejudice to the Title Company, was the extent of such prejudice proven?

 Upon dismissal of a plaintiffs' case under Rule 41(b), supra, the trial court weighs the evidence and gives to it such weight as the court believes it deserves. Komadina v. Edmondson, 81 N.M. 467, 468 P.2d 632 (1970); Giles v. Canal Insurance Company, 75 N.M. 25, 399 P.2d 924 (1965). On appeal the evidence will be examined by the appellate court only to the extent necessary to determine whether it gives substantial support to the trial court's findings. Giles v. Canal Insurance Company, supra. In making this determination, the evidence will be viewed in its most favorable light to support the findings, and evidence inconsistent with or unfavorable to the findings will be disregarded. Trujillo v. Romero, 82 N.M. 301, 481 P.2d 89 (1971); Giles v. Canal Insurance Company, supra. Substantial evidence is that relevant evidence which is acceptable to a reasonable mind as adequate support for a conclusion. State ex rel. Reynolds v. Lewis, 84 N.M. 768, 508 P.2d 577 (1973); State Farm Mutual Automobile Ins. Co. v. Gonzales, 83 N.M. 296, 491 P.2d 513 (1971). Only the trier of the facts may weigh the evidence, determine the credibility of the witnesses, reconcile inconsistent or contradictory statements of a witness or of witnesses, and decide where the truth lies. State ex rel. Reynolds v. Lewis, supra.

The notice provision in the policy with which we are here concerned provides in pertinent part:

" * * * provided, however, that failure to notify shall in no case prejudice the claim of any insured unless the Company shall be actually prejudiced by such failure and then only to the extent of such prejudice."

 The first notice by plaintiffs to the Title Company at its home office, as expressly required by the policy, was not received until eighteen months after plaintiffs' complaint had been filed and over a month after judgment had been entered adversely to the plaintiffs in the foreclosure suit to which reference is above made. The Title Company was thereby denied its rights under the policy to defend against the claims of the prior lienholder and to make timely efforts to recover under its right of subrogation from the mortgagor, or from others who might well have been involved in what appears to have been a fraudulent scheme. The Title Company had the right to protect the title it insured and also to mitigate its damages. Stewart Title G. Co. v. Lunt L. Co., 162 Tex. 435, 347 S.W.2d 584 (1961).

Without trying to detail the chain of events over a period of about eighteen

months in court, or what the evidence clearly suggests might have been accomplished by the Title Company in defending plaintiffs and, thus, itself, against liability under the policy of insurance, or in mitigating its possible loss, we are convinced the evidence does substantially support the findings by the trial court that the Title Company was actually prejudiced by plaintiffs' failure to give it notice within the time and at the place required by the policy.

As to the extent of such prejudice, the Title Company made no request for a finding on this issue. Plaintiffs requested a finding that if " * * * prejudice did result to the American Title Company by the absence of such formal written notice, the extent of such prejudice was never established."

We agree with plaintiffs that the prejudice with which we are here concerned is prejudice measured in terms of money, since the Title Company's obligation under its policy was expressed in terms of dollars. Plaintiffs have asserted, the Title Company takes no issue therewith, and we agree that the burden was on the Title Company to establish actual prejudice to it and the extent of such prejudice. It failed to establish the extent thereof, or at least there was no finding as to the extent.

The Title Company has suggested that a reasonable inference to be drawn from the evidence is that the prejudice sustained by it equalled or exceeded the maximum amount of its liability under the policy. Even if there were evidence from which this inference might reasonably be drawn, it is not for us to draw such an inference. As indicated above, it is for the trial court to determine all issues of fact. The failure of the trial court to make a finding on this material issue of fact would ordinarily be regarded on appeal as a finding against the Title Company, upon whom rested the burden of proof thereon. Gibbons and Reed Company v. Bureau of Revenue, 80 N.M. 462, 457 P.2d 710 (1969); Tsosie v. Foundation Reserve In-surance Company, 77 N.M. 671, 427 P.2d 29 (1967); Begay v. First National Bank of Farmington, 84 N.M. 83, 499 P.2d 1005 (Ct.App.1972).

However, the refusal of the trial court to make plaintiffs' requested finding on this issue would ordinarily be regarded on appeal as a finding against plaintiffs. Gallegos v. War, 78 N.M. 796, 438 P.2d 636 (1968). See also Clark v. Foremost Insurance Co., 80 N.M. 584, 458 P.2d 836 (Ct.App.1969).

In any event, it is obvious the trial court declined to find this issue in favor of plaintiffs, and it failed to find thereon in favor of the Title Company. This essential factual issue has not been decided. Thus, the judgment must be reversed and the cause remanded for further proceedings upon the issue of the extent of prejudice.

In their second point, plaintiffs assert that:

"The actual knowledge of the title defect received by the Title Company's agent constituted a compliance with the policyholder's notice requirement."

The following is the pertinent finding of the trial court as to notices given by plaintiffs of the adverse claims:

"7. On March 8, 1967, and prior thereto, plaintiffs knew of adverse claims but gave no notice nor statements required by the policy. In April and May, 1967, plaintiffs gave oral and written notice to Sedillo Title Guaranty, Inc. In said Cause numbered A 25709 [the foreclosure suit filed by plaintiffs on March 8, 1967], the defendant, Virgil Justice filed answer on June 2, 1967, together with counterclaim and cross-claim alleging a mortgage prior in time dated July 14th and recorded July 19, 1966, which mortgage was subsequently decreed to be found prior in time to that of plaintiffs. Partial judgment was entered of record on September 26, 1967; deposition of Justice was taken December 8, 1967, trial on the merits was held

February 20, 1968, deposition of Milburn E. Nutt, Trustee, was taken in May, 1968, the Trial Court rendered its opinion by letter of June 14, 1968, and supplemental decree of foreclosure was filed August 1, 1968. Plaintiffs gave no notice to American Title Insurance Company of any of these actions until letter of September 4, 1968."

The only attack made on this finding by plaintiffs is that by giving notice to Sedillo they thereby gave notice to the Title Company.

References are made in the briefs to estoppel and waiver. The question of waiver as such was not litigated. Neither party requested findings or conclusions on this question, and no reference thereto is made in the trial court's findings or conclusions. The only question as to waiver with which we are concerned is simply whether Sedillo had authority under the agency relationship to waive policy provisions, and particularly the policy requirement that " * * * [a]ll notices required to be given the Company and any statement in writing required to be furnished the Company shall be addressed to it at its Home Office at Miami, Florida."

■ There was some little reference made to estoppel at the trial and plaintiffs did request a conclusion of law to the effect that the Title Company is estopped from asserting failure of plaintiffs to give notice in accordance with the policy provisions concerning notice. However, no complaint as to the ruling of the trial court in denying the request was asserted in plaintiffs' brief in chief as required by Supreme Court Rule 15(16)(e), [§ 21–2–1(15)(16)(e), N.M.S.A.1953 (Repl. Vol. 4, 1970)]. Accordingly, the question of estoppel is not before us. Compare Gonzales v. Gonzales, 85 N.M. 67, 509 P.2d 259 (1973); McCroskey v. State, 82 N.M. 49, 475 P.2d 49 (Ct.App.1970). Besides, it is apparent that the elements of estoppel were not present. For statements as to the essentials of estoppel see Tome Land & Improvement Co. v. Silva, 83 N.M. 549, 494 P.2d 962 (1972); State Farm Mutual Automobile Ins. Co. v. Gonzales, 83 N.M. 296, 491 P.2d 513 (1971).

■ The finding of the trial court as to the nature of the agency relationship between the Title Company and Sedillo was as follows:

"2. The defendant, Sedillo Title Guaranty, Inc. was the authorized representative of American Title Insurance Company for purposes of soliciting and issuing title insurance policies."

There is no claim made by plaintiffs that this finding is not supported by the evidence. Their challenge to this finding is:

"We also challenge Finding No. 2 in Point II insofar as it tends to limit the authority of Sedillo as an agent of American [Title Company]."

Plaintiffs assert that: " * * * In New Mexico even a mere soliciting agent is held to have considerable authority." They then cite the case of Douglass v. Mutual Ben. Health & Accident Ass'n, 42 N.M. 190, 196, 76 P.2d 453, 456 (1937), and quote as follows from the opinion therein:

" ' * * * If the principal leads third persons, acting reasonably and in good faith, to believe that his agent possesses a certain authority, then, as to them, the principal will be estopped to deny that the agent does possess it.' 2 Mechem on Agency, § 1722.

" ' * * * The principal cannot, however, expect third persons to have notice of limitations and restrictions, which are in their nature secret and undisclosed. And while, as has been stated, persons dealing with the agent are bound to know the extent of his authority, they may reasonably take the visible and apparent interpretation of that authority by the principal himself as the true one, and as the one by which he chooses to be bound. It is therefore the rule of the law that the rights of third parties, who have reasonably and in good faith relied upon the apparent authority of the agent as previously explained, cannot be preju-

diced by secret limitations or restrictions upon it of which they had no notice. * * *' 2 Mechem on Agency, § 1723."

Not only does the holding in the Douglass case fail to support plaintiffs' contention that Sedillo, as soliciting agent for the Title Company, had apparent authority to receive notices of adverse claims, litigation, etc. on behalf of the Title Company, but, in our judgment, the quoted language from the Douglass opinion also fails to support the contention that notice to Sedillo was notice to the Title Company.

As to that portion of the quotation dealing with estoppel, we have already disposed of this question above. In addition thereto, insofar as the notice here under consideration is concerned, the only thing the Title Company did, as reflected by the record before us, was to include in the written policy an express and clearly understandable provision that notices must be given to it in writing by addressing the notices to the Title Company's home office at Miami, Florida.

As to the applicability of the remainder of the quotation from the Douglass case to the present case, the policy of title insurance here involved was the written evidence of the contract between the parties and of the rights and obligations of the parties thereunder. Even a cursory examination thereof by plaintiffs should at once have answered any question they had as to whom, by what means, and when the notice in question should have been given by them. In fact, the very first reading of the policy by anyone on their behalf resulted in the prompt mailing to the Title Company by their attorney of the notice dated September 4, 1967, which was received by the Title Company on about September 6, 1967. By this time the judgment had been entered in the foreclosure proceedings initiated by plaintiffs.

The policy provisions as to notice were not secret and undisclosed. We fail to understand what visible and apparent interpretation by the Title Company of Sedillo's authority could reasonably have been relied upon by plaintiffs for giving the notices to Sedillo and not to the company. There has been no evidence brought to our attention which shows any secret limitations or restrictions upon Sedillo's authority.

We are not here concerned with representations made by the agent in securing plaintiffs' application for insurance, or with undisclosed restrictions upon an agent's authority, but with plaintiffs' total disregard of the plain conditions imposed upon them by the provisions of the written contract under which they seek recovery.

In addition to their reliance on the Douglass case, and particularly upon the language above quoted from the opinion therein, plaintiffs also rely upon Tri-State Ins. Co. v. Smith, etc., 248 Ark. 71, 449 S. W.2d 698 (1970); Green v. Star Fire Insurance Co., 190 Mass. 586, 77 N.E. 649 (1906); Harnden v. Milwaukee Mechanics' Ins. Co., 164 Mass. 382, 41 N.E. 658 (1895); American Family Mutual Insurance Company v. Bach, 471 S.W.2d 474 (Mo.1971); Insurance Co. of North America v. McLimans, 28 Neb. 653, 44 N.W. 991 (1890); Purcell v. Land Title Guarantee Co., 94 Mo.App. 5, 67 S.W. 726 (1902).

The facts and the questions presented and decided in those cases are so materially different from the facts and questions presented in the case now before us that we are unable to accept anything said by the courts in their decisions in those cases as being applicable to the facts and the issue of notice here involved. The notices to Sedillo were not notices to the Title Company.

The third point asserted by plaintiffs is that:

"The trial court erred in sustaining objections to the testimony of the witness Carlos Sedillo to telephone conversations by his deceased father with the American Title Company."

Their argument in support of their position under this point is that the trial court erred in sustaining objections to their questions asked of Carlos Sedillo, a principal

officer of Sedillo, by which plaintiffs sought to establish that the witness's father, who also had been a principal officer of Sedillo, prior to his death, had notified the Title Company in telephone conversations with a Mr. Weatherford, Senior Vice President of the Title Company, of the outstanding claims and particularly of the lien prior in time to that of plaintiffs.

Regardless of the validity of the Title Company's objections, they were sustained by the trial court and no offer or tender of proof was made by plaintiffs. Thus, no error was preserved for review, if the trial court in fact excluded evidence which. should have been admitted had it been properly presented. Wood v. Citizens Standard Life Insurance Company, 82 N. M. 271, 480 P.2d 161 (1971). The following are the question and answer most nearly suggestive of what plaintiffs claim they were seeking and to which objection was sustained:

"MR. GALLAGHER: "Q. I understand that from your affidavit, but I'm trying to find out, did you, not conversations that your father had or Corey [plaintiffs' attorney] had or anything, but did you ever advise Corey that American Title had been notified of this loss?

"A. I cannot remember any specific instance where I said, 'Mr. Corey, American Title has been notified.' I can say this, that I—it is very possible that on some occasions I may have told him that my dad had talked to John Weatherford by telephone."

Plaintiffs' entire argument in support of their contention that no tender of proof was required is:

"III. THE EVIDENTIARY ISSUE

" '[1] The purpose of the requirement that certain formalities and rules be observed with respect to offers of proof is to make certain that the trial court and opposing counsel understand what evidence is being offered and its relevancy and materiality. Stipp v. Tsutomi Karasawa, Mo., 318 S.W.2d 172, 175 [5]. It follows that the reason for a formal offer of proof does not exist if the trial court and counsel by other means are sufficiently advised as to what the testimony of the witness will probably be if he is allowed to testify.'

"State v. Northeast Building Co.,

421 S.W.2d [297] 300 (Mo.)

"Appellee cannot complain of ignorance of what we were trying to glean from the witness Carlos Sedillo—actual reporting of the title defect to the home office."

Even if we were to assume, as plaintiffs urge, that the Title Company was aware of what plaintiffs "were trying to glean from the witness Carlos Sedillo," which we are unwilling to assume, this was not sufficient. The trial court, which sustained the objection, was not sufficiently advised as to what the testimony of the witness would probably be if allowed to testify. If plaintiffs intended to preserve the error, if any, they should have made a proper tender of proof.

In their final two points relied upon for reversal, plaintiffs express their inability to understand the meaning and purpose of certain findings made by the trial court. We are unable to determine any real reason for either finding. In any event, the elimination of these findings would not require a reversal of the judgment.

The judgment is reversed and the cause remanded for such further proceedings as are required to determine the extent of the prejudice suffered by the Title Company by reason of plaintiffs' failure to notify it of the prior lien upon the mortgaged premises.

It is so ordered.

MONTOYA, and MARTINEZ, JJ., concur.