Doran v. First National Bank of Clovis, 22 N. M. 236.

[No. 1842, October 4, 1916.]

DORAN v. FIRST NATIONAL BANK OF CLOVIS.

SYLLABUS BY THE COURT.

1. Estoppel by conduct can arise only where the person setting up the estoppel has been caused, by the conduct of the person to be estopped, to take a position to his detriment which he would not have taken but for his reliance upon such conduct. Nor will estoppel arise from the mere retention of a promissory note of a third party by a person's attorney, where no benefits are accepted therefrom, and where the same was received by the person's agent without authority.

P. 239

2. Under the same circumstances, mentioned above, and where the person sought to be estopped did nothing except to assert his original rights, ignoring the unauthorized acts of his agent, there is no ratification of such acts.

P. 240

3. Where there is a conflict of evidence as to the actual authority of an agent, it is error to direct a verdict, if the case turns upon that point.    P. 241

Appeal from District Court, Santa Fé County; E. C. Abbott, Judge.

Action by Paul Doran against the First National Bank of Clovis. From a judgment for defendant, plaintiff appeals. Reversed and remanded, with directions to award a new trial.

M. C. SPICER of Socorro, for appellant.

PATTON & BRATTON of Clovis, for appellee.

## OPINION OF THE COURT.

PARKER, J.—Appellant brought an action in the district court of Santa Fé county to recover the value of two notes, dated October 2, 1912, for $500 each, and executed by the Liebelt Company, a corporation, and by the Liebelt brothers, individually, to one Otto Liebelt, which said notes were indorsed to the plaintiff. The appellant delivered the notes to the appellee bank for collection. The appellant thereafter demanded from the appellee bank the return of the notes, but the bank refused to deliver the same, and thereupon the action was instituted as for conversion of the same. The appellee bank answered, admitting the receipt of the notes for collection, but alleging that after such receipt by it the appellant and one B. D. Oldham entered into a contract, whereby it was mutually agreed between appellant and the said Oldham that appellant should assign and transfer to said Oldham the said notes in consideration of the promissory note of the said Oldham; that pursuant to the said contract the said Oldham executed his promissory note, payable to the order of appellant, dated January 29, 1914, for the sum of $1,105, which said note was received and accepted by the appellant in exchange for and in lieu of the said two notes for $500; that pursuant to the said contract between appellant and the said Oldham, the defendant delivered the said two $500 notes to the said Oldham; and the said contract between appellant and the said Oldham was evidenced by certain letters, copies of which were attached to the answer. Appellant filed a reply in which he denied that he ever made any such contract with the said Oldham, or that he ever re-

ceived and accepted any note from the said Oldham in exchange for the Liebelt notes. He alleged that he had no knowledge as to whether the said Oldham ever executed to appellant the said promissory note for $1,105. At the close of the trial, upon motion of the appellee, the court instructed the jury to find the issues for the defendant, which was done. Appellant filed a motion to set aside the verdict and to enter judgment for the plaintiff, or, in the alternative, for a new trial. This motion was denied and judgment dismissing the complaint was entered upon the verdict. Appellant appeals.

It appears from the transcript that the said Oldham was cashier of the appellee bank when the notes were placed in said bank, and he so continued until January 13, 1914. Afterwards he made the trade for the Liebelt notes. Letters were written between Oldham and one Thomas Doran, who pretended to act for the appellant and who signed appellant's name to the letters as if he were the writer thereof, which resulted in Oldham delivering to the said Thomas Doran his personal note for $1,105 in lieu of the Liebelt notes. At the time these letters were exchanged appellant knew nothing about them. The correspondence was carried on in the name of appellant by the said Thomas Doran, who likewise intercepted the replies, both from Oldham and, afterwards, from the appellee bank. Upon receipt of the Oldham note the said Thomas Doran, who was the father of appellant, placed it as collateral with the Capital City Bank in Santa Fé to secure a certain note of appellant, signing appellant's name by way of indorsement. On July 23, 1914, the said Thomas Doran and M. C. Spicer, attorney for appellant, took the Oldham note from the Capital City Bank and left the receipt of Thomas Doran therefor. The Oldham note remained in the possession of Spicer until the day of the trial, when it was produced by him. On July 24, 1914, the attorney Spicer wrote two letters to the appellee, signing himself as attorney for appellant, making a demand upon it for the return of the two Liebelt notes. At this time the appellant had not seen or consulted with the attorney, Spicer, but his

father, Thomas Doran, at the request of appellant, had consulted the said Spicer in regard to this matter. The demand contained in these two letters of the attorney is the only demand shown in the case to have been made upon the appellee bank for the return of the Liebelt notes, and was relied upon by the appellant at the trial. Afterwards, in September or October, appellant admits that he regularly employed the said Spicer as his attorney in this matter. Just prior to the bringing of this action, which was the 5th day of October, 1914, the attorney, Spicer, testified that he had a conference with the appellant in which he advised him of all of the steps that he had theretofore taken at the suggestion and request of Thomas Doran, and that appellant approved the same.

Counsel for appellee attempt to justify the judgment upon several grounds:

[1] The first proposition advanced is to the effect that the appellant, by reason of his conduct and his failure to disaffirm and repudiate the transaction, is estopped from denying the agency and authority of his father, Thomas Doran, in trading the Liebelt notes to the said Oldham, and is estopped from denying the authority of the defendant bank to surrender the Liebelt notes to the said Oldham.

In this connection it is to be remembered that the trade for the Liebelt notes by the said Oldham with the said Thomas Doran was made about January 29, 1914. It was made in pursuance of a contract evidenced by letters between the said Thomas Doran, signing the appellant's name, and the said Oldham. The appellant had no knowledge whatever of the transaction, and had never given any specific authority to make this trade. The Liebelt notes were delivered by the defendant bank to the said Oldham without any authority from the appellant or any communication with him, or even with the said Thomas Doran. They surrendered these notes to Oldham months before the appellant had even constructive notice of the trade or of the receipt of the Oldham note by Thomas Doran, he having received constructive

notice thereof not earlier than July 23, 1914. He did not have actual notice, according to the testimony, of the receipt of the Oldham note until December, 1914, or January, 1915, when his father told him about the same, and never saw the same until the day of the trial. There is no allegation nor proof that the appellee bank, had it had notice of the disaffirmance of the alleged contract made by Thomas Doran at the earliest time at which the appellant received constructive notice of the Oldham trade could have recouped its loss and recovered the Liebelt notes back from the said Oldham. The damage had been done by the surrender of the Liebelt notes many months before this, and the appellee bank, under all these circumstances, was, so far as appears, never put in any position to its detriment by any act of the appellant after he received constructive notice. Under such circumstances there can be no estoppel. Estoppel in pais of this kind can arise only where the person setting up the estoppel has been caused, by the conduct of the person to be estopped, to take a position to his detriment which he would not have taken but for his reliance upon such conduct. See 10 R. C. L., Estoppel, § 19 et seq. See, also, King v. Stroup, 22 N. M. ........, 160 Pac. 367, recently decided by this court, as an illustration of estoppel by conduct. Nor was any use ever sought to be made of the Oldham note by appellant or his attorney, but it was simply retained by the said attorney in his files as a part of the papers and evidence in the case. There was no election to accept the note in lieu of the Liebelt notes by the appellant, and, so far as appears, no demand for its return was ever made upon him by the maker of the note. The appellee bank was in no way concerned with the Oldham note, and had never had anything to do with the same. It was not a party to any contract between Oldham and the appellant, whereby the form of the obligation was to be changed from the Liebelt notes to the Oldham note.

[2] Counsel for appellee bank further seeks to justify the judgment upon the theory that the conduct of the appellant was such as to amount to a ratification as to the agency of the said Thomas Doran to make the

said contract with the said Oldham and a ratification of the authority of the appellee bank to surrender the Liebelt notes to the said Oldham. The testimony shows that from the earliest time the appellant received constructive notice of the existence of the Oldham note by its being placed in the hands of the attorney, Spicer, he never pursued any course toward the appellee bank other than to attempt to recover from it the Liebelt notes. Under such circumstances, and those mentioned in the preceding paragraph, there was no ratification of the alleged contract between Oldham and the said Thomas Doran, and the appellee bank is in no position to assert any such ratification. It surrendered the Liebelt notes without authority and took no steps whatever to communicate with the plaintiff as to its authority to do so.

[3] Counsel for the appellee bank admit that there was a conflict in the evidence as to whether there was actual authority from the appellant to Thomas Doran, his father, to attend to this business, and, consequently, the court had no right to take the case from the jury if the case turned upon this question. This is clearly so, and it was error under the circumstances to direct a verdict.

It follows that the judgment of the lower court was erroneous and should be reversed, and the cause remanded, with directions to award a new trial; and it is so ordered.

ROBERTS, C.J., and HANNA, J., concur.

---

[No. 1811, September 12, 1916.]
[On Motion for Rehearing, October 7, 1916.]