(No. 2773.    April 28, 1924.)

## HOLDER v. HUNTER.

### SYLLABUS BY THE COURT.

1. Where, by the laws of the state, married women are capable of contracting concerning their separate property, they are subject to estoppel by conduct the same as other persons.

2. Where the husband, in the presence of the wife, falsely represents to a person that he owns certain personal property, which was in fact the separate property of the wife, and she remains silent, but where the person extending credit to the husband does not rely upon the representation but retains the property sold to the husband in his possession pending the payment of the purchase price, the wife is not estopped to claim her separate property as against such vendor.

Appeal from District Court, Curry County; Bratton, Judge.

Action by Ella Holder against Ella Hunter. From a judgment for defendant, plaintiff appeals. Reversed, with directions.

Fitzhugh & Fitzhugh and Rowells & Reese, all of Clovis, for appellant.

H. L. Patton, A. W. Hockenhull, and W. W. Mayes, all of Clovis, for appellee.

### OPINION OF THE COURT.

PARKER, C. J.    Action was brought by appellee, hereinafter called plaintiff, against the defendant upon two promissory notes executed by him. There was an attachment levied upon personal property and a garnishment of money on deposit in a bank. Appellant, hereinafter called intervener, filed a petition in intervention claiming the personal property attached and the money garnished as her separate property. An answer was filed to the petition of intervention setting up that the property and money was the property of the defendant, or, at least, was the community property of the defendant and intervener, and pleading estoppel against intervener to claim the property or money as her separate proprety by reason of representations by the defendant that he owned the prop-

erty, thereby securing credit with the plaintiff, of which representations intervener was cognizant, and made no denial thereof. The case was tried to a jury, which returned the following verdict:

"We, the jury, duly impaneled and sworn in the above entitled and numbered cause, do find the attached property is the separate property of the intervener, but that she is estopped to plead such fact as against the plaintiff, and we further find that the money on deposit in the First National Bank of Clovis under the name of Ella Holder is the separate property of the intervener."

Judgment was rendered thereon, and the case is here on appeal by the intervener.

[1] 1. It appears that intervener was a married woman and claimed the attached property as her separate estate. The plaintiff had pleaded estoppel against her. Her counsel argues that estoppel in pais does not operate against a married woman except in cases of tort or fraud, citing some old cases and texts. This doctrine was founded upon the principle that, whereas a married woman at the time of those decisions was unable to contract concerning her property, the same result could not be effectuated by means of the doctrine of estoppel. When, however, she was guilty of active fraud or deceit, for which she was always liable in damages, the doctrine of estoppel was allowed against her as a more direct and complete remedy than an action for damages. But now that married women have been freed from the common-law restrictions upon their power to contract, they are subject to the doctrine of estoppel the same as any other person. See 10 R. C. L. Estoppel, §§ 55 and 65; 2 Pom. Eq. Jur. (4th Ed.) § 814.

[2] 2. The undisputed facts are: That the plaintiff and her agent drove the automobile in question to the home of the defendant and intervener for the purpose of selling the same to the defendant for cash; after their arrival at the house and a discussion of the matter, it was learned that the defendant was not prepared to pay cash, and it was agreed that he should give the two notes in suit due, respectively, in 15 and

30 days from date, the car in the meantime not to be delivered to the defendant, but to be retained in the possession of plaintiff's agent until the notes were paid; intervener objected to the sale of the car to the defendant, she saying that the defendant could not afford, or pay for, the car and that they already had a car; during the conversation plaintiff's agent asked defendant, in the presence of the intervener (she denies this), whether he owned the cattle in question, and he said he did, and intervener remained silent; plaintiff's agent says he relied upon this statement as evidence of defendant's financial responsibility, but he made no statement to that effect to either defendant or intervener; subsequently plaintiff's agent loaned the car to defendant to use a few days, and defendant drove the car to Texas, taking intervener along under the false pretense, when they started, that he was going to a town in New Mexico on business; that without the knowledge of intervener defendant sold the car in Texas for $1,000, kept the money, deserted intervener, and ran away with another woman.

At the close of the testimony, intervener moved the court for a peremptory direction to the jury that there was no evidence to support estoppel against her, and again presented the same proposition to the court by a motion for judgment non obstante veredicto.

In denying these motions the court was evidently in error. It is apparent from the foregoing summary of the facts that several necessary elements of estoppel are lacking. The intervener did not know that plaintiff intended to rely upon the property as a basis of credit upon which plaintiff would sell the automobile to her husband. Plaintiff did not in fact rely upon the representation at the time of the sale, because she refused to deliver the automobile, but retained the same as security until the notes should be paid. Plaintiff's loss of the machine as such security is due entirely to the voluntary surrender of the same to the defendant and his fraud, if not crime, in failing to return the same and in taking it to Texas and selling it, in which fraud or crime intervener is not shown to have participated.

Upon the subject of the necessary elements of estoppel, see Chambers v. Bessent, 17 N. M. 487, 134 Pac. 237, King v. Stroup, 22 N. M. 241, 160 Pac. 367, and Doran v. First National Bank of Clovis, 22 N. M. 236, 160 Pac. 770, where the subject has been so fully discussed as to require no further explanation at this time.

It follows from the foregoing that the judgment of the court below is erroneous and should be reversed, with directions to set the same aside and to enter judgment in favor of the intervener for the attached property and the garnished money and for her costs, and it is so ordered.

BOTTS, J., concurs.

BRATTON, J., having tried the case below, did not participate in this opinion.