[No. 2858. Dec. 23, 1924. Rehearing Denied
March 18, 1925.)

## FIRST NAT'I. BANK OF CLAYTON v. HARLAN et al.

### SYLLABUS BY THE COURT

1.   A finding by the trial court, unsupported by any evidence, will not be sustained.

2.   There can be no estoppel where the party relying upon the same has not been induced to take a position to his detriment by the act of the other party.

3.   Where a case is submitted to the court, sitting without a jury, upon the evidence then before it, and the court erroneously finds for the plaintiff, without any substantial evidence to support the finding, and erroneously refuses to find for defendant as requested, there is no right to a new trial, but this court may reverse and remand the cause, with directions to enter the proper judgment.

Appeal from District Court, Union County; Leib, Judge.

Action by the First National Bank of Clayton against J. A. Harlan and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded, with directions.

Joseph Gill, of Albuquerque, for appellants.

O. P. Easterwood, of Clayton, for appellee.

### OPINION OF THE COURT

PARKER, C. J.  This is an action for the foreclosure of a chattel mortgage, resulting in a decree in favor of appellee (plaintiff) against appellant (defendant), from which appeal has been taken. The plaintiff introduced the note and chattel mortgage, showing that the same were unpaid and that the note was a renewal note, and rested its case. The defendant alleged and proved, without contradiction, that the original note of one Harlan, signed by him, a renewal whereof was the note sued on, was signed by him upon the express consideration and contract of plaintiff that it would turn over to him the cattle, upon which the chattel mortgage of said Harlan was

executed, which cattle he should sell at private sale and apply the proceeds to the payment of the note, and the overplus, estimated at $1,000 by plaintiff, was to be divided equally between plaintiff and defendant; that the plaintiff failed to turn over the cattle, and defendant notified plaintiff of election to rescind the contract; that no consideration of any kind moved between the parties other than the promise of plaintiff as above set out; that no consideration moved between the parties for the signing of the renewal note, and that defendant was induced to renew the note by threats of plaintiff to sue him on his certain other indebtedness to plaintiff, but no contract for forbearance was made. At the close of the evidence, plaintiff moved for judgment, which motion was granted and the decree entered. Proper exceptions to the findings were made, and proper requests for findings were presented to save all the questions raised. The court found:

'"That the defendant, C. E. Anderson, for a valuable consideration, executed the notes and chattel mortgages sued on, and renewed such indebtedness from time to time by the execution of the various instruments described in the complaint, and that he likewise paid a pasture bill upon said live stock, and paid other expenses in connection with the same, and in connection with the recording of the chattel mortgage sued on; and that the defendant is barred and estopped on account of his acts and conduct, as appears from the evidence, from recovering in this suit."

[1] 1. Just how the court found that defendant received a valuable consideration for the execution of the note is hard to understand. There is no evidence to support such a finding, and, on the other hand, the evidence is all the other way. The court was in error.

[2] 2. The finding of estoppel is erroneous. In the first place it was not pleaded; and, in the second place, there is no evidence upon which estoppel could be founded. There is not a word of testimony that the plaintiff relied upon any act of defendant, and thereby was induced to take a position to its detriment. In such case, there can be no estoppel. See Doran v.

First National Bank of Clovis, 22 N. M. 236, 160 P. 770; King v. Stroup, 22 N. M. 241, 160 P. 367.

It follows that the judgment is erroneous, and should be reversed and the cause remanded, with directions to set aside the judgment and render judgment for the appellant; and it is so ordered.

BOTTS and FORT, JJ., concur.

### On Motion to Modify Judgment.

PARKER, C. J.   A motion to modify our judgment has been filed, based upon the proposition that we should have remanded the cause for a new trial, instead of remanding it with directions to enter judgment for the defendant.   The proposition is founded upon the following facts appearing in the record:

The case was tried to the court, without a jury. At the close of defendant's evidence, counsel for plaintiff moved for judgment on the evidence, pointing out alleged insufficiency of defendant's evidence, and certain facts claimed to amount to an estoppel, and that "he has failed to make out any case, and we therefore move for judgment." In reply to the motion, after argument, the court said:

"Well, I think the motion is addressed to the present condition of the case, and it is up to the court to decide what its opinion is to be from the evidence already heard. I can't see any use in going on and taking longer to try the case. With the evidence before the court now, even though the defendant has set up a general defense, the preponderance of the evidence is clearly in favor of the plaintiff. I will find for the plaintiff."

It thus appears that the plaintiff submitted the case upon the evidence then before the court, and did not deem it necessary to rebut the defendant's evidence, if it could, although it had opportunity to do so.   The court considered the case as submitted on the evidence, and found it to preponderate in favor of plaintiff, erroneously, as we have held.   Now the plaintiff asks another opportunity to put in his rebuttal testimony, we assume.   The defendant requested findings fully

covering the issues, and all of the evidence in the case supported the same. It is apparent that plaintiff has no such right. The error of the district court was an invited error, so far as the plaintiff is concerned. The case stands here, just as it stood before the district court when the submission was made, and the court should have rendered the judgment then, which we have now directed. In such case there can be no right to a new trial. It follows that the motion should be denied; and it is so ordered.

BICKLEY and WATSON, JJ., concur.