463 P.2d 43

**Charles T. YOUNG and James Carpenter, Plaintiffs-Appellants,**

v.

**SIGNAL OILFIELD SERVICE, INC., Employer, and Argonaut Insurance Company, Insurer, Defendants-Appellees.**

**No. 344.**

Court of Appeals of New Mexico.

Dec. 19, 1969.

**68**

Welzie W. Webb, Jay Faurot, Farmington, LeRoi Farlow, Albuquerque, for plaintiffs-appellants.

Charles M. Tansey, Tansey, Rosebrough, Roberts & Gerding, Farmington, for defendants-appellees.

## OPINION

OMAN, Judge.

Plaintiffs have appealed from a judgment dismissing their claims for workmen's compensation benefits.

They were injured in an automobile accident some time after their regular tour of duty for the day was concluded. They were on their way home from the site of the drilling operations where they worked for defendant, Signal Oilfield Service, Inc.

The trial court made findings that neither plaintiff was performing any service for Signal at the time of the accident; they were not paid for travel time or travel expenses; the accident, and the injuries suffered by plaintiffs therein, did not arise out of and in the course of their employment; and the accident was not occasioned by the negligence or any act of any employee of Signal while acting within the scope of his employment.

If these findings are supported by substantial evidence, then plaintiffs must fail in this appeal. By substantial evidence is meant that evidence which is acceptable to a reasonable mind as adequate support for a conclusion. Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968); State v. Manlove, 79 N.M. 189, 441 P.2d 229 (Ct.App.1968); Hales v. Van Cleave, 78 N.M. 181, 429 P.2d 379 (Ct.App.1967). The credibility of the witnesses and the weight to be given their testimony are to be determined by the trial court, as the trier of the facts, and an appellate court will not substitute its judgment for that of the trial court in making these determinations. Hales v. Van Cleave, supra.

Plaintiffs urge upon us the rule of liberal construction of the Workmen's Compensation Act announced in cases such as Employers Mutual Liability Ins. Co. of Wis. v. Jarde, 73 N.M. 371, 388 P.2d 382 (1963) and Lucero v. C. R. Davis Contracting Co., 71 N.M. 11, 375 P.2d 327 (1962). This rule of construction has no application to the consideration, weight and credibility to be given the evidence by the trier of the facts. Guidry v. Petty Concrete Company, 77 N.M. 531, 424 P.2d 806

(1967). Mascarenas v. Kennedy, 74 N.M. 665, 397 P.2d 312 (1964).

Plaintiffs particularly rely upon the case of Barrington v. Johnn Drilling Co., 51 N. M. 172, 181 P.2d 166 (1947). This reliance is predicated very largely upon the fact that the trial court in the present case found that Signal told plaintiff Carpenter, who was the driller and hired plaintiff Young, that it would pay to one member of the drilling crew "* * * as reimbursement for travel the sum of $10.00 for each round trip to the well site, and did make such payment for three such trips to the driver and crew member, Wilson."

However, as above stated, the trial court also found neither plaintiff was paid for his travel expenses or his travel time, and neither the accident nor the injuries sustained by plaintiffs arose out of and in the course of their employment.

 The findings by the trial court are not inconsistent, and nothing said in the Barrington case required findings by the trial court in the present case contrary to those which were made. In the Barrington case the trial court found, under the evidence in that case, that Barrington's injury arose out of and in the course of his employment. In reviewing this and the other consistent findings made by the trial court, our Supreme Court stated:

"* * * That a judgment supported by substantial evidence will not be disturbed upon review is so well established that citation of authorities is deemed unnecessary.

"* * *

"Reviewing the facts, we find ample evidence to sustain the findings made by the trial court.

"* * *

"From what has been said we conclude that the defendant agreed to, and did furnish transportation to the employee Barrington from and to his home as a part of his contract of employment, and that the injury and death of the workman arose out of and in the course of his employment."

The court also stated that more than the mere payment of the cost of transportation is required before an injury, sustained during the journey, can be held to arise out of and in the course of employment.

In the present case, plaintiff Young testified Signal did not agree to furnish him any transportation; did not furnish him any transportation; and did not pay him for travel time.

There are some conflicts in the testimony as to the agreement between Signal and Carpenter relative to the transportation. However, the evidence supports the trial court's findings which are set forth above. Under these circumstances the findings are binding upon this court.

The judgment should be affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.