491 P.2d 513

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Plaintiff-Appellant,**

v.

**John Raymond GONZALES et al., Defendants-Appellees.**

**No. 9271.**

Supreme Court of New Mexico.
Dec. 13, 1971.

Hal F. Simmons, Albuquerque, for appellant.

Edward G. Parham, Keleher & McLeod, Ranne B. Miller, Albuquerque, for appellees Bailey.

Walter K. Martinez, Grants, for Rominger & Schlenker.

## OPINION

OMAN, Justice.

Plaintiff issued a policy of automobile insurance to a Mr. and Mrs. Torrez. On October 28, 1967, defendant Gonzales, a brother of Mrs. Torrez, without the permission or knowledge of the named insureds, took the automobile, and while operating the same collided with the rear of a vehicle in which Mr. and Mrs. Bailey were riding. The Bailey vehicle was then caused to collide with the vehicle in which Rominger and decedent Nolan were riding.

Plaintiff brought a declaratory judgment suit for the purpose of acquiring a judicial determination on the question of its coverage of Gonzales under the policy. The trial court granted plaintiff a summary judgment on this issue and no appeal has been taken therefrom. However, the court permitted the case to be tried to a jury on the defenses of waiver and estoppel. The jury returned a verdict for defendants and against plaintiff. The trial court denied plaintiff's motions for a directed verdict, for judgment notwithstanding the verdict and for a new trial, and entered judgment requiring plaintiff to defend Gonzales against any claims asserted against him by the other defendants and to pay any judgment entered against him in favor of the claimants. Plaintiff appeals. We reverse.

It appears from the record and the briefs that the asserted waiver concerns itself with the claim that plaintiff "waived its right to deny coverage" to Gonzales, and the asserted estoppel concerns itself with plaintiff's failure to fully investigate the accident and to notify Gonzales prior to service of summons and a copy of the complaint upon him on July 23, 1968, that he was not covered by the policy.

In addition to the foregoing recited facts, the following are pertinent:

(1) Plaintiff at no time told Gonzales or any one else that he was covered by the policy of insurance.

(2) On November 1, 1967 plaintiff had Mrs. Torrez execute an "Authorization for Claim Service and Non-Waiver of Rights." A like authorization and non-waiver was taken from Gonzales on November 7. By these instruments it was agreed that such actions as plaintiff might take in investigating, negotiating, settling, denying or defending against any claim arising out of the accident would not waive any rights of plaintiff under any contract of insurance.

(3) Plaintiff's investigation consisted of interviewing Mrs. Torrez and Mr. Gonzales and taking statements from them, taking from them the said non-waiver agreements, taking pictures of the automobiles involved, and securing the state police report of its investigation of the accident.

(4) Plaintiff's agent testified he may have told Gonzales he would be notified as to whether he was covered under the policy. He also testified that generally it is a good practice to conduct an investigation as soon as possible after an accident, and it would be more difficult to conduct an investigation after a lapse of nine months.

(5) Gonzales testified plaintiff's agent said plaintiff "was investigating the accident," but did not tell him " * * * there was a question of whether or not [he]

**298**

would be covered under the policy," and plaintiff never told him he was not covered.

(6) Gonzales never made an investigation of the accident. He knew he had taken the automobile without permission and after having been told not to take it because of his driving record. As above stated, it has been judicially determined that he had no permission to take the automobile and was not covered under the policy. Thus, at no time were there any rights and duties existing between him and plaintiff under this contract.

■ Insofar as waiver is concerned, it is apparent the "right of plaintiff to deny coverage to Gonzales" is not a right arising under the contract of insurance, and the rights and duties with which we are here concerned are those of plaintiff under the policy. In any event, the evidence is not sufficient to support a verdict on the theory of waiver.

■ Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate support for a conclusion. The substance of this relevant evidence must be such as will support the drawing of reasonable inferences therefrom. Durrett v. Petritsis, 82 N.M. 1, 474 P.2d 487 (1970); Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970); Young v. Signal Oilfield Service, Inc., 81 N.M. 67, 463 P.2d 43 (Ct.App.1969).

Defendants claim that under the trial court's instruction on waiver the first element thereof is " * * * that waiver occurs when a party having a duty to act or speak has full knowledge of all facts. * * *" They claim plaintiff had this knowledge when it learned from Mrs. Torrez and Mr. Gonzales that he was using the vehicle without permission. Gonzales also knew this and knew it before plaintiff did. The following language taken from Smith v. Orion Insurance Company, 298 F.2d 528, 533 (10th Cir. 1961) is quoted and relied upon by defendants as support for their position:

"It is, of course, true that [an insurance] company may waive a defense it has by unreasonably delaying and notifying *an insured that it stands thereon.*" [Emphasis added]

The fallacies in this reliance by defendants lie in the facts that Gonzales was not an insured and plaintiff was not relying upon a defense it had under the contract of insurance. There was a total absence of right on the part of Gonzales under the policy. If the "right to deny coverage" can in some inexplicable manner be converted into a right of defense on the part of plaintiff under the policy, still Gonzales must fail, because plaintiff owed him no duty to investigate further or to tell him what he already knew.

Defendants next contend "The final element of waiver is whether [plaintiff's] inaction reasonably lead to the conclusion it was abandoning a legal right. * * *" Again the purported legal right is that of the "right to deny coverage" to one who at no time was covered under the policy, and the purported waiver of this right could only arise from the failure of plaintiff to conduct a complete investigation into the accident, which duty it did not owe Gonzales, and in failing to advise him before filing suit that it was denying coverage, which also was a duty it did not owe him.

Defendants also contend plaintiff may not rely upon the fact that waiver is the intentional abandonment or relinquishment of a known right as held in Ed Black's Chevrolet Center, Inc. v. Melichar, 81 N.M. 602, 471 P.2d 172 (1970); Clovis National Bank v. Thomas, 77 N.M. 554, 425 P.2d 726 (1967); Chavez v. Gomez, 77 N.M. 341, 423 P.2d 31 (1967); Perry v. Staver, 81 N.M. 766, 473 P.2d 380 (Ct.App.1970). Plaintiff not only requested an instruction so defining waiver, but objected to the trial court's failure to give this request. However, it does not now claim error on the part of the trial court in denying the request or in giving the court's instruction. It contends the matter of intentional abandonment or relinquishment is implicit within the court's instruction. It makes no difference whether the language of the

instruction can or cannot properly be equated with an intentional abandonment or relinquishment of a known right. As already stated, as between plaintiff and Gonzales, there existed no rights or duties between them under the policy of insurance, because Gonzales was at no time a party to this contract. In any event, the evidence here from which defendants claim there is an inference of abandonment and relinquishment of the right to deny coverage is not substantial and the claimed inference therefrom is not reasonable.

> "Estoppel is the preclusion, by acts or conduct, from asserting a right which might otherwise have existed, *to the detriment and prejudice* of another, who in reliance on such acts [or] conduct, has acted thereon." [Emphasis added]

Miller v. Phoenix Assur. Co., Limited, of London, 52 N.M. 68, 191 P.2d 993 (1948).

There is no estoppel unless the person acting in reliance on the acts or conduct of the other, has been induced to take a position to his prejudice or detriment. Doran v. First National Bank of Clovis, 22 N.M. 236, 160 P. 770 (1916). See also Porter v. Butte Farmers Mutual Insurance Company, 68 N.M. 175, 360 P.2d 372 (1961); First Nat'l Bank of Clayton v. Harlan, 30 N.M. 356, 234 P. 305 (1924).

The trial court's instruction was:

> "Estoppel occurs where a party does or omits to do something or says or fails to say something, which it intends or should reasonably expect to influence the action of the other party and *the other party relies and acts thereon to his prejudice.*" [Emphasis added]

We neither affirm the correctness of this instruction nor the applicability to the facts of this case of the estoppel doctrine, but quote the instruction only to point out that under the law of this case, as well as the holdings of this court, there can be no estoppel unless Gonzales relied and acted upon the acts or omissions of plaintiff to his prejudice.

The plaintiff stated to Gonzales it was investigating the accident. This it did. It made no representation that it would conduct a prompt and thorough investigation of all the facts surrounding the accident. The question to be resolved by this investigation, insofar as Gonzales was concerned, was that of his permission to use the vehicle. He knew he had no such permission.

Even if we were to assume plaintiff was obliged to conduct a full and complete investigation into the facts, there is absolutely no evidence of substance that Gonzales was prejudiced by this failure on the part of plaintiff. Gonzales was free at all times to conduct whatever investigation he felt necessary, and he definitely knew plaintiff was contending he was not covered by the policy of insurance when he was served on July 23, 1968 with a copy of the complaint and summons, if he did not know so before then. He contends, however, that this delay of nine months is presumed to have worked prejudice against him, and he relies upon the opinion of this court in Mountainair Mun. Sch. v. United States Fid. & Guar. Co., 80 N.M. 761, 461 P.2d 410 (1969).

The question in the Mountainair case related to the failure of an insured to give notice to the insurer, which clearly is not close to the factual question now before us upon which the claim of estoppel is predicated. However, this court in the Mountainair case quoted with approval the following from Purefoy v. Pacific Auto. Indem. Exch., 5 Cal.2d 81, 53 P.2d 155, 159 (1935):

> "'* * * But respondent argues with convincing force herein that the lapse of time which removes the opportunity for prompt investigation, also destroys the possibility of showing prejudice arising from delayed inquiry. Where witnesses are interviewed after lapse of time, during which they either may have forgotten the facts, or been approached solely by representatives of the injured party, it virtually becomes

impossible to learn what facts, favorable to defendant, could have been ascertained through prompt inquiry. We are impelled to the conclusion that prejudice must be presumed in such situations.' "

A reading of the following cases demonstrates that the California courts have long since departed from the announcement in the Purefoy case that prejudice can be presumed from the failure to conduct a prompt investigation, or from the lapse of time. Abrams v. American Fidelity and Casualty Company, 32 Cal.2d 233, 195 P.2d 797 (1948); Gibson v. Colonial Insurance Company, 92 Cal.App.2d 33, 206 P.2d 387 (1949); Campbell v. Allstate Insurance Co., 60 Cal.2d 303, 32 Cal.Rptr. 827, 384 P.2d 155 (1963); Hanover Insurance Company v. Carroll, 241 Cal.App.2d 558, 50 Cal.Rptr. 704 (1966); Northwestern Title Security Company v. Flack, 6 Cal.App.3d 134, 85 Cal.Rptr. 693 (1970).

Insofar as the opinion of this court in the Mountainair case held that a presumption of prejudice arises from the fact of delay alone, or that delay or lapse of time alone may work an estoppel, it is inconsistent with the holding of this court to the contrary in Modisette v. Foundation Reserve Insurance Co., 77 N.M. 661, 427 P.2d 21 ('1967). The factual question in the Modisette case is far different from that in the present case and from that in the Mountainair case; but in the Modisette case we held: "However, delay or lapse of time alone does not  *  *  *  work an estoppel. *  *  *"

To the extent that the opinion in the Mountainair case is inconsistent with our holding in the Modisette case, we overrule our opinion in the Mountainair case.

The judgment of the trial court should be reversed with directions to enter judgment for the plaintiff notwithstanding the verdict.

It is so ordered.

COMPTON, C. J., and McMANUS, STEPHENSON and MONTOYA, JJ., concur.